Parajuli v. Holder

BIA
Zagzoug, IJ
A200 733 428

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

—————————————————————————

SABINA PARAJULI,
> *Petitioner*,

v.                                        13-1876
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

—————————————————————————

FOR PETITIONER:                Jason Nielson, Law Offices of Thomas Mungoven, Esq., New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General;
                       Francis W. Fraser, Senior Litigation Counsel;
                       Christina J. Martin, Trial Attorney, Office of
                       Immigration Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sabina Parajuli, a native and citizen of Nepal, seeks review of a April 24, 2013, decision of the BIA affirming the January 6, 2011, decision of Immigration Judge ("IJ") Randa Zagzoug, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sabina Parajuli*, No. A200 733 428 (B.I.A. Apr. 24, 2013), *aff'g* No. A200 733 428 (Immig. Ct. N.Y. City Jan. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications, like Parajuli's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Id.* at 166, n. 3. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Id*. at 167. In this case, the agency reasonably based its adverse credibility determination on Parajuli's demeanor, her vague and inconsistent testimony, inconsistencies between her testimony and documentary evidence, and a lack of reliable documentary evidence.

First, the IJ found that Parajuli's testimony often seemed "flat" and unpersuasive. We generally afford particular deference to an IJ's assessment of an applicant's demeanor because the IJ's ability to observe the witness places her

3

in the best position to evaluate credibility. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir. 2005). We can be even "more confident in our review of observations about an applicant's demeanor" where, as here, those observations "are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

With regard to the inconsistences, when describing alleged attacks by police in 2006 and by two Maoists in 2009, her testimony was internally inconsistent and inconsistent with her written statement. For example, as to the 2006 incident, Parajuli testified that she was attacked by the police and beaten with batons, but could not remember any more detail and stated that she was treated at the hospital for half an hour. As to the 2009 incident, two unidentified people approached her and told her to support the Maoists; at one point, she testified that she was essentially being strangled, but at another point she testified that she could not remember the beating. Conversely, in her asylum application, she stated that she was slapped and her head scarf ripped. Parajuli also gave conflicting accounts of the medical treatment she received after the 2009 incident, stating at first that her legs were swollen, but that she did not receive medical treatment, and later, that she did receive medical treatment but it was

4

administered at home, which she did not include in her application. Further, she testified that, just before leaving Nepal for the United States, her father told her that unknown callers were asking about her whereabouts, but her father's letter did not mention the 2006 police beating or the phone calls.

Although Parajuli proffered explanations for these inconsistencies, the IJ was not compelled to credit them. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Parajuli asserted that she did not realize that she had to include all of the details about the beating in her application, but she did include other, different, details in her application. Because Parajuli's explanations were unconvincing, the IJ reasonably relied on these inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 166.

The IJ also reasonably found that Parajuli failed to corroborate her testimony with reliable documentary evidence. An asylum applicant's failure to corroborate her testimony may bear on her credibility, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Aside from the evidence discussed above, which conflicted with her testimony, Parajuli submitted a letter from the NCP, which the agency reasonably discounted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342

(2d Cir. 2006). Indeed, the letter did not include details about her campaigning or other activities in the party. Further, the letter states that she participated in the movement from 2005-2006, but does not support her contention that she was active in the party since 2001. When asked to explain the omission, Parajuli stated simply that she did not know why the information was not provided.

Because the REAL ID Act permits the agency to base a credibility finding on any inconsistency, without regard to whether it goes "to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii), these inconsistences provide substantial evidence supporting the agency's adverse credibility determination, particularly because they directly relate to Parajuli's allegation of past harm. *See Xiu Xia Lin*, 534 F.3d at 166, 167. Furthermore, the IJ allowed Parajuli an opportunity to explain the inconsistencies, and reasonably rejected her explanations. *See Majidi*, 430 F.3d at 80-81.

Because the only evidence of a threat to Parajuli's life or freedom depended upon her credibility, the adverse credibility finding necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Finally, the agency did not err in its

determination that Parajuli failed to establish that it is more likely than not that she would be tortured by the authorities if returned to Nepal. 8 C.F. R. §§ 1208.16(c), 1208.18(a)(1). Parajuli failed to present any reliable evidence that she would be tortured or that the government would acquiesce to her torture. To the contrary, her evidence showed that after her 2009 encounter with the Maoists, the police were responsive and investigated the incident. *Cf. Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
